UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOREN NIEBER,<br><br>　　　　　Petitioner,<br><br>v.<br><br>JEFF MACOMBER, Secretary,<br><br>　　　　　Respondent. | Case No.: 23-cv-0174-LL-DEB<br><br>**REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS**<br><br>**[DKT. NO. 13]** |

This Report and Recommendation is submitted to United States District Judge Linda Lopez pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1.e.

## I.　INTRODUCTION

Petitioner Toren Nieber, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("the Petition"). Dkt. No. 1.[1] Respondent moves to dismiss the Petition, which Nieber opposes. Dkt. Nos. 14, 15. For the reasons discussed below, the Court recommends **GRANTING** Respondent's Motion.

---

[1] Unless otherwise stated, citations to electronically filed documents refer to the Court's CM/ECF docketing system.

## II. PROCEDURAL HISTORY

Petitioner Nieber is serving a state sentence following his convictions in San Diego County Superior Court for, among other crimes, robbery of an inhabited dwelling and murder. *People v. Nieber*, 298 Cal. Rptr. 3d 410, 420–21 (Cal. Ct. App. 2022). The convictions arise out of Nieber's participation in a home invasion robbery during which a victim was shot and killed.

The California Court of Appeal affirmed Nieber's conviction on direct appeal but modified the judgment to strike prison priors. *Id.* at 420.

While Nieber's appeal was pending, California adopted California Penal Code § 1170.95 (later renumbered § 1172.6).[2] That law "bar[s] a conviction for murder under the natural and probable consequences theory as well as limit[ing] the scope of the felony-murder rule . . . 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" *People v. Delgadillo*, 521 P.3d 360, 364 (Cal. 2022) (citation omitted), *as modified and reh'g denied* (Feb. 15, 2023). Nonkillers are "liable for murder only if he or she, with the intent to kill, assisted the actual killer in a first degree murder, or was a 'major participant' in the underlying felony who acted 'with reckless indifference to human life.'" *People v. Silva*, 287 Cal. Rptr. 3d 376, 387 (Cal. Ct. App. 2021) (citations omitted).

Section 1172.6 allows individuals convicted and sentenced under the prior (felony murder) law to "file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts . . . ." Cal. Penal Code § 1172.6(a). Upon a "prima facie showing that the petitioner is entitled to relief," the sentencing court will hold a "hearing to determine whether the petitioner is entitled to relief, [where] the burden of

---

[2] The Court uses the current statutory numbering throughout this Report and Recommendation.

proof [is] on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended . . . ." *Id.* § 1172.6(c) and (d)(3). If, however, "there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." *Id.* § 1172.6(d)(2).

Nieber filed a § 1172.6 petition in the state trial court. *See Nieber*, 298 Cal. Rptr. 3d at 416. Nieber sought resentencing under § 1172.6(d)(2) because the court found at the preliminary hearing that he was not a major participant in the crime. *Id.* The trial court denied relief under §1172(d)(2), but held an evidentiary hearing pursuant to § 1172.6(d)(3). *Id.* Following that hearing, the trial court found Nieber was a major participant and, therefore, denied his petition. *Id.*

The California Court of Appeal affirmed the denial of Nieber's § 1172.6 petition in a published opinion. *Id.* The Court of Appeal rejected Nieber's argument that the ruling at the preliminary hearing entitled him to resentencing under § 1172.6(d)(2). *Id.* at 425 ("[F]indings at the preliminary hearing [are] not the type of findings that automatically result in vacating the convictions under section 1172.6 subsection (d)(2)."). The Court of Appeal also rejected Nieber's related argument that collateral estoppel bars relitigating findings at a preliminary hearing. *Id.* at 426. Finally, the Court of Appeal found substantial evidence supported the trial court's conclusion that Nieber "was a major participant in the underlying felony and acted with reckless indifference to human life." *See id.* at 426–29.

The California Supreme Court denied Nieber's Petition for Review (Dkt. No. 14-4), and this Petition followed.

### III.   LEGAL STANDARDS

In ruling on a motion to dismiss, the court must "accept factual allegations in the [Petition] as true and construe the pleadings in the light most favorable to the non-moving party." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F. 3d 1025, 1031 (9th Cir. 2008)). Rule 4 of the Rules

Governing Section 2254 Cases authorizes summary dismissal of a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*; *see also O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (construing a motion to dismiss a habeas petition as a Rule 4 motion). Accordingly, the Court reviews Respondent's Motion and Petitioner's Opposition under Rule 4. *See Crim v. Benov*, No. 10-cv-01600-OWW-JLT, 2011 WL 1636867, at *3 (E.D. Cal. Apr. 29, 2011) ("[T]he Court has the inherent power under the Rules Governing Section 2254 Cases to construe Respondent's motion to dismiss as an answer on the merits and Petitioner's opposition to the motion to dismiss as a traverse."), *aff'd*, 471 F. App'x 670 (9th Cir. 2012); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) (noting that under Rule 4, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").[3]

State prisoners must exhaust their state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To properly exhaust habeas claims, petitioners in California state custody must "fairly present" their claims in petitions to the California Supreme Court. *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999). A claim has been fairly presented only if the petitioner has indicated to the court that the claim is based on federal law. *Lyons v. Crawford*, 247 F.3d 904 (9th Cir. 2001) (as amended). "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir 2005) ("[A] federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim."

---

[3] In general, exhibits attached to a pleading are "part of the pleading for all purposes." *Hartmann v. Cal. Dept. of Corr. and Rehab.*, 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

## IV. DISCUSSION

Nieber's Petition asserts the state courts erred by: (1) ruling an order following a preliminary hearing is not a "prior finding by the court" under § 1172.6(d)(2); (2) not giving collateral estoppel effect to the dismissal of the special circumstances allegation at the preliminary hearing; (3) finding the evidence presented at the § 1172.6(d)(3) hearing established he was a major participant in the underlying crime; and (4) ignoring the "plain language of [§ 1172.6(d)(2)] which specifically states that a petition shall be granted if there was a prior finding that the petitioner did not act with reckless indifference to human life, or was not a major participant in the felony." Dkt. No. 1 at 6–11.

Respondent's Motion contends Nieber's Petition should be dismissed because it: (1) does not contain any exhausted federal claims; and (2) fails to raise a cognizable federal habeas claim.[4] The Court agrees.

### A. <u>Exhaustion</u>

Nieber alleges his first ground for relief is based upon a violation of his "fundamental due process rights." Dkt. No. 1 at 6. But Nieber did not raise a federal due process claim in his petition for review to the California Supreme Court. Dkt. 14-3 at 7. Nieber, therefore, has not exhausted the fundamental due process claim asserted in his first ground for relief. *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state

---

[4] Nieber argues Respondent waived the right to oppose his Petition by not filing an opposition by the deadline originally set by the Court. Dkt. No. 15 at 2. The Court found good cause for this failure, however, and extended the deadline. Dkt. No. 12. Respondent then timely filed its Motion. The cases cited by Nieber (Dkt. No. 15 at 2) do not support granting his Petition under these circumstances. *See, e.g., Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014) ("[A]n issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it.") (quoting *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1322 (9th Cir. 2012)). Moreover, even a complete "failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment." *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990).

court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

### B. Failure to State a Federal Claim

The Court also agrees with Respondent that none of Nieber's four grounds for relief (including the first ground for relief) raises a cognizable federal habeas claim.

Federal courts' habeas jurisdiction is limited to a state prisoner's custody that violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "[V]iolations of state law are not cognizable on federal habeas review." *Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010).

Nieber's claims all challenge the California courts' interpretation and application of California law, specifically California Penal Code § 1172.6. These are not cognizable federal claims, as multiple federal courts have held. *See Torricellas v. Core,* No. 22-cv-1670-MMA-KSC, 2023 WL 3990053, at *4 (S.D. Cal. June 13, 2023) ("[C]ourts in this circuit have held that a state court's allegedly erroneous denial of resentencing under section 1172.6 does not raise an issue cognizable on federal habeas review.") (citing cases), *appeal filed*, No. 23-55640 (9th Cir. July 21, 2023); *Sanchez v. Bird*, No. 2:23-cv-1702-MCS (JDE), 2023 WL 3727256, at *2 (C.D. Cal. Apr. 21, 2023) ("[C]hallenges to denials of Section [1172.6] resentencing petitions 'pertain solely to the state court's interpretation and application of state sentencing law and therefore are not cognizable' on federal habeas review.") (collecting cases and quoting *Cole v. Sullivan*, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020)), *report and recommendation adopted*, No. 2:23-cv-01702-MCS (JDE), 2023 WL 3728677 (C.D. Cal. May 30, 2023); *Huynh v. Lizarraga*, No. 15-cv-1924-AGS-BTM, 2020 WL 1324826, at *42 (S.D. Cal. Mar. 20, 2020) ("[A]ny entitlement to relief [under section 1172.6] is strictly a matter of the application of state law to which this Court must defer.").

This same result applies to Nieber's first ground for relief. Although labeled a "fundamental due process" claim, it is predicated on an alleged error by the state court in interpreting and applying § 1172.6(d)(2) and (d)(3) of the California Penal Code. Dkt. No.

1 at 6–7. Nieber may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996); *see also Walker v. Cal. Sup. Ct.*, No. CV 22-4638-CAS(E), 2022 WL 11337927, at *2 (C.D. Cal. Sept. 13, 2022) ("Petitioner's conclusory characterization of the state courts' alleged errors as violations of due process cannot transform non-cognizable state law issues into cognizable federal ones."), *adopted by* 2022 WL 11269388 (C.D. Cal. Oct. 13, 2022).

Further, if Nieber's Petition raised an exhausted federal due process claim, the Court finds nothing arbitrary, capricious, or fundamentally unfair in the California courts' application of § 1172.6 to Nieber. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas review of a state court's application of a constitutionally narrowed aggravating circumstance is limited, at most, to determining whether the state court's finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation."); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). The state trial and appellate courts' rulings that a ruling at a preliminary hearing does not invoke automatic resentencing under § 1172.6(d)(2) is not inconsistent with federal law. *Prescott v. Santoro*, 53 F.4th 470, 477 (9th Cir. 2022) ("[H]abeas relief may not be granted . . . unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . .") (citing 28 U.S.C. § 2254(d)); Fed. R. Crim. P. 5.1(f) (A magistrate judge's finding of no probable cause at the preliminary hearing "does not preclude the government from later prosecuting the defendant for the same offense.").

The Court also finds nothing arbitrary or capricious in the state courts' factual findings that the evidence presented at the § 1172.6 hearing established Nieber was a major participant in the underlying crime and acted with deliberate indifference. *Nieber*, 298 Cal. Rptr. 3d at 427–29. The evidence presented at the § 1172.6 hearing established, among other things, that Nieber: (1) drove one of the victim's stolen vehicles and attempted to use a stolen credit/debit card during the robbery; (2) returned to the crime scene after his

attempted use of the stolen credit/debit card failed and was present when intruders forced a gun in one victim's face and to the back of another victim's head; (3) was present at the murder scene for several hours; (4) was aware of the dangers posed by the crime and of the weapons used; and (5) was present when intruders entered the home forcefully with weapons. *Id.* Regarding reckless indifference, the evidence showed Nieber: (1) was present for and participated in the robbery; (2) did not intervene to prevent the murder; and (3) failed to render aid at the scene to the murder victim, whom intruders left lying face down in a pool of blood, and to the robbery victims, who were left in vulnerable positions, on the floor face down, with cloth over their faces and their hands bound behind their backs. *Id.* Thus, even if Nieber's Petition presented an exhausted federal claim, it would fail on the merits.

## V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) granting Respondent's Motion to Dismiss; and (2) dismissing Nieber's Petition without leave to amend.

**IT IS HEREBY ORDERED** that **on or before August 2, 2024,** any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to objections shall be filed and served **on or before August 9, 2024.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court order. *Martinez v Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: July 12, 2024

Honorable Daniel E. Butcher
United States Magistrate Judge